**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MACEY TERRY** **PETITIONER**
**ADC #104363**

**v.** **5:09-cv-00101-SWW-JJV**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction** **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in the waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 of Macey Terry, an inmate in the custody of the Cummins Unit of the Arkansas Department of Correction (ADC). Respondent has filed a Response (Doc. No. 8) and Petitioner has filed a reply (Doc. No 13).

**I. Factual History**

The events giving rise to the current petition took place on January 25, 2006. According to victim Brandon Compton, Petitioner approached him while he was getting out of his vehicle and began a conversation with him. When Mr. Compton tried to exit his car and walk into a building, Petitioner told him to get back into the car. Petitioner then proceeded to pull out a weapon and threaten Mr. Compton. Petitioner got in the backseat of Mr. Compton's car and told him to give Petitioner his wallet. Mr. Compton gave him his wallet but it did not contain any money. Petitioner became enraged and told Mr. Compton to give him some money and that he would shoot him if he did not. Petitioner told him, "I don't care about your life. I'll kill you. I'll shoot you ... I don't care

because I just got out of prison for murdering a guy about 10 years ago and I don't care. I'll kill you now."

When Petitioner realized Mr. Compton did not have any money, Petitioner forced him to drive to the nearest ATM machine where Mr. Compton withdrew $200. Petitioner then ordered the victim to return to the building where they had previously been. When they arrived, Petitioner instructed Mr. Compton to "Get his stuff" and get out of the car. Petitioner kept his money and cell phone, took the car and drove off.

The victim called the police and when they arrived he gave them a description of the Petitioner. The police later informed Mr. Compton that they had found his vehicle with his wallet inside, and they had a suspect in custody. In the back of a patrol car were two men; Mr. Compton identified the man who robbed him, the Petitioner.

## II. Procedural History

On April 9, 2007, Petitioner was convicted by a jury sitting in Jefferson County, Arkansas, of aggravated robbery, kidnaping, and theft of property. As an habitual offender, Petitioner was sentenced to consecutive prison terms of 80 years for aggravated robbery, 30 years for kidnaping, and 30 years for theft of property.

Petitioner appealed his conviction to the Arkansas Court of Appeals, where he argued that the trial court improperly admitted into evidence: (1) a statement by Petitioner that he had a prior murder conviction; and (2) identification testimony that was the result of a suggestive lineup. On April 2, 2008, the Arkansas Court of Appeals rejected these arguments on the merits and affirmed Petitioner's convictions. *Terry v. State*, No. CACR07-749 (Ark. Ct. App. Apr. 2, 2008). The court held that Petitioner's statement was admissible as *res gestae*. *Id*. The statement "was part of the threat and coercion applied to the victim and was relevant to show that the victim was in fact

coerced and did not go willingly." *Id*. The court agreed that the lineup was unduly suggestive, but found that under the circumstances, the identification was reliable. *Id*. Petitioner failed to seek any further review.

On April 1, 2009, Petitioner filed this federal habeas action, in which he asserts the same grounds for relief as those presented to the Arkansas Court of Appeals: the trial court erred in admitting into evidence a statement by Petitioner that he had a prior conviction and the trial court erred in refusing to suppress identification testimony based upon a suggestive lineup.

Respondent counters that both of Petitioner's claims are improperly before this Court because they present only issues of state law and no federal or constitutional claims. Alternatively, Respondent argues that because Petitioner's claim regarding the identification testimony was reasonably adjudicated by the Arkansas Court of Appeals, this Court should deny federal habeas relief.

## III. Analysis

### A. Exhaustion of Claims

As a prerequisite to reaching the merits of a federal habeas petition, a federal court "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). In order to satisfy the requirement that he fairly present his habeas claims in state court, a petitioner must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 48 F.3d 1094, 1096 (8th Cir. 2007) (*quoting McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)). The Supreme Court of the United States has held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief

(or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). *See also Duncan v. Henry*, 513 U.S. 364, 366 (1995)("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

While it is a close call as to whether Petitioner properly framed his claims as implicating the United States Constitution, this Court finds that Petitioner did properly present his federal constitutional claims to the state court. In Petitioner's Appellate Brief before the Arkansas Court of Appeals, he argued that the trial court erred in allowing testimony referencing Petitioner's prior convictions based on Arkansas Rule of Evidence 404(b). *Terry v. State*, 2007 WL 6149729 (Ark. App. Oct. 16, 2007). However, citing the Supreme Court case of *Michelson v. United States,* 335 U.S. 469, 476 (1948), Petitioner argued "[t]he U.S. Supreme Court has stated that evidence of prior crimes should be excluded because it will 'weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defendant against a particular charge.'" *Id*. at *3-4.

Furthermore, to support his second claim, the Petitioner relied on a state case raising a pertinent federal constitutional issue in a claim before the state court. *Id*. at *6. Specifically, Petitioner cited *Fields v. State*, 349 Ark. 122, 127, 76 S.W.3d 868, 871 (Ark. 2002). In *Fields,* the Arkansas Supreme Court stated "[a] pre-trial identification violates the Due Process Clause when there are suggestive elements in the identification procedure that make it all but inevitable that the victim will identify one person as the culprit." *Fields*, 349 Ark. at 127.

Because the Petitioner did frame his arguments as a denial of due process, he properly presented to the state court the federal constitutional claims he now raises and has exhausted his

state court remedies. Therefore, the Court will address the merits of each of these claims.

**B. Limited Federal Review of Claims Adjudicated in State Court**

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

Moreover, interpretation and application of state law are not subject to habeas corpus review since federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (citing *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998))("Determinations of state law made by a state court are binding on a federal court in habeas proceedings"). Thus, questions of state law that have been decided by a state court are simply not reviewable, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (quoting *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000)). Of course, a factual issue would be susceptible to limited review by the habeas court. *See* 28 U.S.C. §2254(e)(1).[1] However, it is not the duty of the federal habeas court to "reexamine state-court determinations on state-law questions." *Id*. A federal court, conducting a habeas review, "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

**i. Claim One: Admission of Statement of Prior Conviction**

In his first claim, Petitioner specifically raises the following issue: "The trial court erred in allowing testimony relating to defendant's prior convictions." (Doc. No. 2 at 6). The issue of admissibility of evidence in state court is a state law question. *Clark v. Goose*, 16 F.3d 960, 963 (8th Cir. 1994). Therefore, our review is limited to determining whether Petitioner's constitutional rights were violated. *Ranier v. Department of Corrections*, 914 F.2d 1067, 1072 (8th Cir. 1990). This Court must inquire not into whether the trial court erred in admitting the specific testimony, but whether the admission created a trial that was so fundamentally unfair so as to deny Petitioner due process of law. *Id*. The Petitioner must show that there is a reasonable probability that the

---

[1]State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(d).

testimony affected the outcome of the trial, meaning that absent the alleged error, the verdict would have been different. *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999).

From his direct appeal, the Arkansas Court of Appeals made a finding that the admission of Petitioner's statement that he had been in prison for killing is not contrary to federal law and its determination of the facts is not objectively unreasonable. When the Court of Appeals reviewed Petitioner's case, it held that the statement "was part of the threat and coercion applied to the victim and was relevant to show that the victim was in fact coerced and did not go willingly." *Terry v. State*, No. CACR07-749 (Ark. Ct. App. Apr. 2, 2008). The court further reasoned that the statement was "*res gestae*, a detail of the crime itself, and was admissible as such." *Id*. Moreover, the Court of Appeals recognized that the trial court did not permit the actual judgment of conviction to be introduced to the jury and the jury received an instruction not to consider the testimony as evidence of Petitioner's bad character. *Id*.

Petitioner has failed to meet his burden of proving that the admission of this testimony affected the outcome of the trial and that "but for" the admission of this testimony, the verdict would have been different. Accordingly, Petitioner has failed to meet the requirements of 28 U.S.C. § 2254(d) by showing the Arkansas Court of Appeals adjudication of his claim is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See, e.g.*, *Moore v. United States*, 178 F.3d 994, 1000 (8th Cir. 1999), *cert. denied*, 528 U.S. 943 (1999) (prior convictions an intrinsic part of the crime, so integrated into the context of the offense that they became an integral part of the crime).

**ii. Claim Two: Admission of Statement of Prior Conviction**

In his second claim, Petitioner alleges the trial court erred in allowing the in-court identification because it was based on an unduly suggestive pre-trial identification. (Doc. No. 2 at

7). Petitioner contends the lineup should have been excluded because it contained only two men, one tall and dressed in red, and one short, dressed in blue.

Eyewitness identification at trial which results in a conviction will only be set aside when the pre-trial identification procedures "were so impermissibly suggestive that they give rise to a very substantial likelihood of irreparable harm." *Trevino v. Dahm*, 2 F.3d 829, 833 (8th Cir. 1993). The question turns on whether, based on the totality of the circumstances, the identification was reliable regardless of any suggestive or inappropriate pre-trial identification techniques. *Neil v. Biggers*, 409 U.S. 188, 198-200 (1972). In assessing the reliability of a witness' identification, the court must weigh the following factors: the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior descriptions; and the length of the time between the crime and the confrontation. *Id*. at 199-200.

As was the case in Petitioner's first claim, the Arkansas Court of Appeals' finding of no error in admitting the in-court identification is not contrary to federal law and its determination of the facts is not objectively unreasonable. *See Terry v. State*, No. CACR07-749 (Ark. Ct. App. Apr. 2, 2008). While the Court of Appeals agreed with Petitioner that the pre-trial lineup was unduly suggestive, they found that the victim's identification was nonetheless reliable. *Id*. The court, citing *Mezquita v. State*, 125 S.W.3d 161 (2003), reasoned that "[r]eliability is the lynchpin; even when the identification procedure is impermissibly suggestive, the trial court may determine that under the totality of the circumstances the identification was sufficiently reliable for the matter to be submitted to the factfinder." *Id*. The court found that:

> [a] determination of reliability requires consideration of six factors: (1) the prior opportunity of the witness to observe the alleged act; (2) the accuracy of the prior description of the accused; (3) any identification of another person prior to the pretrial identification procedure; (4) the level of certainty demonstrated at the

> confrontation; (5) the failure of the witness to identify the defendant on a prior occasion; and (6) the lapse of time between the alleged act and the pretrial identification procedure.

*Id*.

This test applied by the state court, which is based on state law, does not contradict the reasoning or holding of the United States Supreme Court in *Biggers*. In fact, the factors set forth by *Mezquita* almost mirror the factors as described by the United States Supreme Court. Therefore, Petitioner has failed to meet the requirements of 28 U.S.C. § 2254(d) and is not entitled to relief.

After careful consideration of Petitioner's claims and the record of his trial and appeal, the Court recommends that the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the relief requested be DENIED.

IT IS SO ORDERED this 19th day of November, 2009.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE